ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss for lack of jurisdiction Charles E. Vaughn’s appeal from the United States Court of Appeals for Veterans Claims.
Vaughn appealed, through counsel, to the Court of Appeals for Veterans Claims, challenging a May 13, 2004 decision of the Board of Veterans’ Appeals denying his claim for service connection for a skin disorder secondary to Agent Orange exposure. The court affirmed, determining, inter alia, that the Secretary had fulfilled his duty-to-notify requirements under 38 U.S.C. § 5103(a) and that the Board did not err in failing to require additional detail from the Department of Veterans Affairs medical examiner who opined that Vaughn’s skin disorder was not the result of Agent Orange exposure. This appeal followed.
The court’s jurisdiction to review decisions of the Veterans Court is limited. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the *360 matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).
Vaughn’s brief does not assert that his appeal involves issues of statutory or regulation interpretation or invoke constitutional issues. To the extent that Vaughn contends that the Veterans Court erred in sustaining the Board’s factual determinations regarding his entitlement to service connection, we are without jurisdiction to review such issues. To the extent that Vaughn raises concerns regarding his pending unadjudicated psychiatric condition claims, we are also without jurisdiction to review those concerns because there is no final Veterans Court decision on those claims.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion is granted.
(2) Each side shall bear its own costs.